Dear John:
You have requested an opinion of this office as to whether the provisions of R.S. 39:371-374, the State Cash Management Review Board, apply to the Louisiana Lottery Corporation. For the reasons that follow, it is the opinion of this office that these provisions do not apply to the Lottery Corporation.
The cash management review board was created by R.S. 39:371. The board is empowered to require all state agencies to submit a report of all banking and checking accounts and the balances in each. The board must approve all accounts and the cash management policies and procedures adopted by each state agency. "State agency" is defined by R.S. 39:372(A)(2) to mean, "[E]ach state agency, department, board, or commission required to deposit monies in the state treasury in accordance with ArticleVII, Section 9(A) of the La. Const. of 1974." The Louisiana Lottery Corporation Law became effective after the citizens of Louisiana approved the amendment of La. Const. of 1974 art. XII, § 6(A). Article XII, § 6(A) provides that, "The net proceeds from the operation of the lottery shall be deposited in a special fund created in the state treasury entitled the Lottery Proceeds Fund."
It is the opinion of this office that funds generated by the Lottery Corporation are deposited in the state treasury in accord with La. Const. of 1974 art. XII, § 6 therefore the Lottery Corporation is not an "agency" as defined by R.S.39:372(A)(2).
Additional support for this view is found in the Louisiana Lottery Corporation Law. R.S. 47:9001 recognizes the unique character of the state lottery and expressly states that the Lottery Corporation, "[S]hall be accountable to the governor, the legislature, and the people of the state through a system of audits, reports, legislative oversight, and thorough financial disclosure as required by this Subtitle." R.S. 47:9029 contains specific directions that funds received by the Lottery Corporation shall be deposited into a corporate operating account, which account must be invested in securities in the manner prescribed by R.S. 49:327(B)(1)(a), (b), (c), and (d).
General rules of statutory construction provide that when two statutes which deal with the same subject matter conflict, the statute specifically directed to the matter at issue must prevail as an exception to the general statute. State ex rel. Brickman v. Dees, 367 So.2d 283 (La. 1978).
It is the opinion of this office that the specific statutory mandates of the Louisiana Lottery Corporation Law which direct investment controlled by a statute other than La. R.S.39:371-374 are clear evidence that the legislature did not intend that the State Cash Management Review Board should oversee the deposits of the Lottery Corporation.
It is therefore the opinion of this office that the provisions of R.S. 39:371-374 do not apply to the Lottery Corporation.
Trusting that this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NANCY GOODWIN Assistant Attorney General